```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

DAVID SOPRYCH, individually        )
and on behalf of a class,          )
                                   )
                Plaintiff,         )
                                   )
       v.                          )    08 C 2297
                                   )
AFF ENTERPRISES, INC., AMSTADT     )
FINER FOODS, INC. and DOES 1-10,   )
                                   )
                Defendants.        )

## MEMORANDUM ORDER

David Soprych ("Soprych") has just filed a putative class action against AFF Enterprises, Inc. ("AFF"), Amstadt Finer Foods, Inc. ("Amstadt") and unidentified defendants designated as "Does 1-10," asserting violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act. This memorandum order is issued sua sponte to require Soprych's counsel to cure some problematic aspects of the Complaint.

To begin with, it is unclear whether Soprych received a single FACTA-violative cash register receipt from both AFF and Amstadt (see Complaint ¶ 21).[1] If such is the case, it may be appropriate for both those defendants to have been joined in this single action (a subject as to which the Complaint is unclear). But if such is not the case, Soprych cannot save a $350 filing

---

[1] In that respect, the Amended Complaint that is required to be filed in accordance with this memorandum order should attach a copy of each such receipt as an exhibit.

fee by joining them as defendants rather than filing two separate lawsuits.

Next, this Court expresses no view as to the propriety of including the "Doe" defendants as targets in this action. On the allegations of the Complaint, AFF and Amstadt are "persons that accept credit card or debit cards for the transaction of business," so as to be potential targets of FACTA (see 15 U.S.C. § 1681(c)(g)). But despite the prolixity of the Complaint (discussed hereafter), it does not address the issue of possible civil liability as to such employees or agents (note that 15 U.S.C. §1681(n)(a) also speaks of "[a]ny _person_ who willfully fails to comply ...," and the earlier-quoted section defines the violation in terms of the "person" that _accepts_ a credit card or debit card).

It should also be said that no view is expressed either way as to the viability or nonviability of a class (as contrasted with an individual) action here. That of course is a function of Fed.R.Civ.P. ("Rule") 23 analysis, to be addressed when the facts are flushed out beyond Soprych's Complaint's allegations (which are accepted as true for the present purpose of evaluating the Complaint's legal sufficiency.)

Most fundamentally, however, the Complaint does not at all comport with the mandate of Rule 8(a)(2) that calls for "a short and plain statement of the claim showing that the pleador is

entitled to relief." Instead it is chock-full of legal arguments and purely evidentiary matters that play no proper part in a federal pleading. Accordingly, this Court strikes the Complaint sua sponte, with leave being granted to file a Rule-compliant Amended Complaint on or before May 5, 2008. If that is done, this Court will promptly issue its customary initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    April 24, 2008