2066005GX5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID SOPRYCH, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:08-cv-02297 |
| | ) Honorable Milton I. Shadur |
| AFF ENTERPRISES, INC. and AMSTADT FINER FOODS, INC., | ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff David Soprych brings this action to secure redress for the violation by AFF Enterprises, Inc. ("AFF Enterprises") and Amstadt Finer Foods, Inc. ("Amstadt") of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

> **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

4. Defendants AFF Enterprises and Amstadt have willfully violated this law and failed to protect plaintiff and others similarly situated against identity theft and credit card and

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

debit card fraud by continuing to print the expiration date on receipts provided to debit card and credit card cardholders transacting business with defendants AFF Enterprises and Amstadt.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p (FCRA).

6. Venue in this district is proper because defendants AFF Enterprises and Amstadt do business here.

## PARTIES

7. Plaintiff David Soprych is a resident of this district.

8. Defendants AFF Enterprises and Amstadt are Illinois corporations. The registered agent for both corporations is George M. Bradshaw located at 1755 S. Naperville Road, Suite 200, in Wheaton, Illinois. Defendants jointly operate a retail store known as Amstadt Finer Foods located in Batavia, Illinois.

9. Defendants AFF Enterprises and Amstadt are "persons that accept credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## FACTS

10. In April of 2008, plaintiff paid for the purchase of some IAMS dog food with his debit card. At the point of sale, plaintiff received from defendants a computer-generated cash register receipt which displayed plaintiff's card expiration date and other information. A copy of a redacted copy of the receipt is attached as Exhibit A.

## CLASS ALLEGATIONS

11. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

2

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents

12. The class is defined as all persons to whom defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

13. The class is so numerous that joinder of all individual members in one action would be impracticable.

14. There are over 100 persons to whom defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

15. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

16. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a. Whether defendants AFF Enterprises and Amstadt had a practice of providing customers with a sales or transaction receipt on which defendants AFF Enterprises and Amstadt printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

    b. Whether defendants AFF Enterprises and Amstadt thereby violated FACTA; and

    c. Whether defendants AFF Enterprises and Amstadt's conduct was willful;

17. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

18. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

19. Defendants violated 15 U.S.C. §1681c(g)(1), which provides that:

> **. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

20. With respect to machines that were first put into use after January 1, 2006, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

21. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

22. Defendants AFF Enterprises and Amstadt accept credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

23. After the effective date of the statute, defendants AFF Enterprises and Amstadt, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant printed more than the last five digits

4

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete

of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

24. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

25. On information and belief, the card-issuing organizations VISA, MasterCard, and American Express informed defendants about the requirement concerning the truncation of credit and debit card numbers and the prohibition on displaying expiration dates on receipts.

26. The card-issuing organizations required by contract that their subscribers comply with FACTA in advance of FACTA's mandatory compliance date.

27. On information and belief, defendants AFF Enterprises and Amstadt knew of the requirement concerning the truncation of credit and debit card numbers and the prohibition on printing of expiration dates.

28. Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

29. The FCRA, 15 U.S.C. § 1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title 115 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of-**

**(1)**

> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;**

    (2) such amount of punitive damages as the court may allow; and,

    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

30.    The FCRA, 15 U.S.C. §1681p, provides:

**§1681p. Jurisdiction of courts; limitation of actions**
An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

    (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

    (2) 5 years after the date on which the violation that is the basis for such liability occurs.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants as follows:

    a.    For statutory damages of $100 to $1,000 per violation;

    b.    For attorney's fees, litigation expenses and costs;

    c.    For such other and further relief as the Court may deem proper, including punitive damages.

    CRAY HUBER HORSTMAN HEIL
    & VanAUSDAL LLC

    s/John P. Palumbo_____
      John P. Palumbo

John P. Palumbo
CRAY HUBER HORSTMAN HEIL
 & VanAUSDAL LLC
Attorneys for Plaintiff
303 West Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450
(312) 332-8451 (facsimile)
jpp@crayhuber.com



## JURY DEMAND

Plaintiff demands trial by jury.

                                                s/John P. Palumbo  
                                                  John P. Palumbo